IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHAY WRIGHT, : Civil No. 3:23-cv-1973
:
    Petitioner : (Judge Mariani)
:
v. :
:
JESSICA SAGE, :
:
    Respondent :

## MEMORANDUM

Petitioner Chay Wright ("Wright"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") failed to credit him with twenty-four months of earned time credits under the First Step Act ("FSA"), that he has been improperly denied good conduct time, and has not received jail credit. (Docs. 1, 1-1). For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Wright's failure to exhaust the available administrative remedies.

**I.   Background**

Wright is serving a 77-month term of imprisonment imposed by the United States District Court for the Middle District of Pennsylvania for his conviction of possession with intent to distribute heroin and crack cocaine. (Doc. 9-1, pp. 6-9, Public Information Inmate Data). His current projected release date is February 10, 2025, via earned time credits under the First Step Act. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Wright filed a total of four administrative remedies. (*Id.* at pp. 10-12). Only two of those administrative remedies pertain to FSA time credits. (*Id.*). None of the administrative remedies allege that the BOP denied Wright jail credit and good conduct time. (*Id.*).

In his § 2241 petition, Wright alleges that he is entitled to twenty-four months of earned time credits under the FSA, and that he is entitled to additional jail credit and good conduct time. (Docs. 1, 1-1). Respondent contends that the § 2241 petition must be dismissed based on Wright's failure to exhaust his administrative remedies before proceeding to federal court. (Doc. 9). Alternatively, Respondent seeks dismissal on the following grounds: (1) Wright's claim that he has not received all jail credit and good conduct time lacks merit; and (2) Wright's claim that he is entitled to twenty-four months of FSA time credits lacks merit. (*Id.*). Because the undisputed record clearly establishes that Wright failed to fully exhaust his remedies, the Court does not reach Respondent's alternative arguments.

## II.  Discussion

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency

to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices. BOP employees log and update inmates' public information into SENTRY

as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Wright's Administrative Remedy Generalized Retrieval report demonstrates that he failed to exhaust the claims in the instant habeas petition. (Doc. 9-1, pp. 10-12). First, the record reveals that Wright did not file any administrative remedies concerning his request for additional jail credit and good conduct time. (*Id.*). Next, the record reveals that Wright filed two administrative remedies concerning FSA time credits. (*Id.* at p. 12). On September 19, 2023, Wright filed administrative remedy 1176026-F1 at the institution level claiming that his FSA credits were removed. (*Id.*). On that same date, the institution rejected the remedy because Wright failed to submit only one letter-sized continuation page. (*Id.*). Wright then filed administrative remedy 1176026-F2 at the institution level on September 27, 2023, again claiming that his FSA credits were removed. (*Id.*). On October 11, 2023, the institution denied the remedy. (*Id.*). Rather than appeal this administrative remedy to the next level, Wright instead filed the instant habeas petition on or about November 12, 2023. (Doc. 1).

Wright does not dispute that he failed to fully avail himself of the administrative remedy process. Rather, he asserts that exhaustion would be futile because the

"Administrative Remedy Process is no remedy at all because [he] is unlawfully imprisoned." (Doc. 1-1, p. 2). While the court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Wright's eligibility for earned time credits. This issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Wright's claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials.

Additionally, Wright has not articulated any basis for his suggestion of futility. With respect to unexhausted habeas claims like the one presented here, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals...'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Quite the contrary, rigorously applying these exhaustion requirements, courts have consistently rejected habeas petitions where the inmate-petitioners have failed to fully exhaust their administrative remedies. *See, e.g.*, *Johnson v. Williamson*, 350 F. App'x 786 (3d Cir. 2009); *Pinet v. Holt*, 316 F. App'x 169 (3d Cir. 2009); *Moscato*, 98 F.3d 757.

Rather than fully complete the steps of the administrative remedy process, Wright bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition

in federal court. Despite being well aware of the BOP's exhaustion requirements, Wright failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). A single rejection of an initial grievance does not render the administrative review process unavailable or futile. Wright failed to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Consequently, the petition must be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Wright to invoke the judicial process despite failing to complete administrative review.

III.  Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 3, 2024